**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RICKEY LEE CHATMAN, JR., | ) Case No.: 1:21-cv-00802-JLT (HC) |
| Petitioner, | ) ) ORDER DIRECTING CLERK OF COURT TO |
| | ) ASSIGN DISTRICT JUDGE |
| v. | ) |
| | ) FINDINGS AND RECOMMENDATION TO |
| THE STATE OF CALIFORNIA, | ) DISMISS PETITION FOR WRIT OF MANDAMUS |
| Respondent. | ) |
| | ) [THIRTY-DAY OBJECTION DEADLINE] |
| | ) |

On May 17, 2021, Petitioner filed a petition for writ of mandamus pursuant to 28 U.S.C. § 1361. For the following reasons, the Court will recommend the petition be DISMISSED WITH PREJUDICE.

**DISCUSSION**

The All Writs Act, codified at 28 U.S.C. § 1651(a), provides that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law." The federal mandamus statute set forth at 28 U.S.C. § 1361 provides: "The district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Mandamus relief is only available to compel an officer of the United States to perform a duty if (1) the petitioner's claim is clear and certain; (2) the duty of the officer "is ministerial and so plainly prescribed as to be free from

1

doubt," <u>Tagupa v. East-West Center, Inc.</u>, 642 F.2d 1127, 1129 (9th Cir.1981) (quoting <u>Jarrett v. Resor</u>, 426 F.2d 213, 216 (9th Cir.1970)); and (3) no other adequate remedy is available. <u>Piledrivers' Local Union No. 2375 v. Smith</u>, 695 F.2d 390, 392 (9th Cir.1982).

Petitioner outlines the previous filings of petitions for writ of habeas corpus and petition for writ of mandate that he takes issue with and discusses his disagreement with same. (<u>See</u> Doc. 1 at 1-17.) Petitioner makes various claims related to, among other things, alleged new evidence, witness tampering and obstruction of justice, and he further argues for an evidentiary hearing. (<u>See</u> <u>id</u>.) However, it appears that Petitioner is attempting to reargue previous claims, which have been addressed previously. Furthermore, mandamus relief is not available because Respondent is not an officer, employee or agency of the United States. Title 28 U.S.C. § 1651(a) does not vest a federal district court with the power to compel performance of a state court, judicial officer, or another state official's duties under any circumstances. <u>Pennhurst State Sch. & Hosp. v. Halderman</u>, 465 U.S. 89, 106 (1984) (11th Amendment prohibits federal district court from ordering state officials to conform their conduct to state law). Thus, a petition for mandamus to compel a state official to take or refrain from some action is frivolous as a matter of law. <u>Demos v. U.S. District Court</u>, 925 F.2d 1160, 1161-72 (9th Cir.1991); <u>Robinson v. California Bd. of Prison Terms</u>, 997 F.Supp. 1303, 1308 (C.D.Cal.1998) (federal courts are without power to issue writs of mandamus to direct state agencies in the performance of their duties); <u>Dunlap v. Corbin</u>, 532 F.Supp. 183, 187 (D.Ariz.1981) (plaintiff sought order from federal court directing state court to provide speedy trial), *aff'd without opinion*, 673 F.2d 1337 (9th Cir.1982).

## ORDER

The Clerk of Court is DIRECTED to assign a District Judge to the case.

## RECOMMENDATION

For the foregoing reasons, the Court RECOMMENDS that the petition be DISMISSED WITH PREJUDICE as frivolous.

This Findings and Recommendation is submitted to the United States District Court Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 304 of the Local Rules of Practice for the United States District Court, Eastern District of California.  Within thirty

days after being served with a copy of this Findings and Recommendation, Petitioner may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation."  The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the Order of the District Court. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:   __June 4, 2021__                  _____ /s/ Jennifer L. Thurston__
                                         CHIEF UNITED STATES MAGISTRATE JUDGE